UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:07-CR-18 |
| | ) | |
| CHAD ALEXANDER FARINACCI | ) | |

**O R D E R**

This supervised release revocation matter originally came before the Court on February 19, 2008, for a hearing in regard to whether or not the defendant had violated the conditions of his supervised release. On July 30, 2007, the defendant was placed on supervised release for five (5) years, and his term of supervision was scheduled to expire on July 30, 2012. A violation summons was issued on January 23, 2008. The violations alleged are as follows:

> **Standard Condition No. 2**: The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.
>
> . . . .

**Standard Condition No. 3**: The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

. . . .

**Standard Condition No. 6**: The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

. . . .

**Standard Condition No. 7**: The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

. . .

**Special Condition**: The defendant shall immediately enter and complete the Serenity House Program in Cummings, Georgia, at your own expense.

. . . .

**Special Condition**: The defendant shall pay $225 in restitution and $400 in special assessment fees.

At the February 19, 2008, revocation hearing, the defendant stipulated that he has violated the terms of his supervised release by failing to contact his probation officer by telephone while at Serenity House (violation number one; standard condition number two), for not truthfully answering the probation officer's inquiries (violation number two; standard condition number three), for testing positive

2

for using marijuana on at least four occasions (violation number four; standard condition number seven), (the defendant was administratively discharged from the program on December 21, 2007, due to program failures and for smoking marijuana), and for failing to pay any amounts towards his restitution and special assessment fees (violation number six; special condition). The Court agreed to dismiss violations three and five and proceed with disposition based on the stipulated violations in numbers one, two, four, and six.

The Court has carefully considered the policy statements of Chapter 7 of the <u>United States Sentencing Commission Guidelines</u> which reflect a revocation range of eight (8) to fourteen (14) months. Because the policy statements of Chapter 7 of the U.S.S.G. are policy statements and not guidelines, and although the Court must consider these policy statements, the Court is not bound by them. *United States v. West*, 59 F.3d 32 (6th Cir. l995).

Based upon the defendant's grade B violations which were admitted by the defendant, his failure to be truthful and cooperate fully with his probation officer, his discharge from the Serenity House Program because of his voluntary actions, and his obvious need for drug treatment, the Court does not find that in the interests of society, or in the interest of rehabilitating this defendant, a sentence within this suggested range is appropriate.

Therefore, the Court finds that the defendant has violated the terms of his

supervised release.  Accordingly, it is hereby **ORDERED** that his supervised release is **REVOKED**, and he is sentenced to a term of imprisonment of twenty-six (26) months.  Violation numbers three and five are hereby **DISMISSED**.  It is further **ORDERED** that upon release from imprisonment, the defendant shall be placed on supervised release for a term of 34 months, and within 72 hours of release, the defendant shall report in person to a probation office in the district to which he is released.  The Court also **RECOMMENDS** as follows:

> 1.  That the defendant receive 500 hours of substance abuse treatment from the BOP Institution Residential Drug Abuse Treatment Program;
>
> 2.  That the defendant receive any mental health evaluations and treatment as deemed appropriate by the BOP, especially any anger management treatment;
>
> 3.  That the defendant receive any vocational, educational, and life skills training and programs offered by the BOP;
>
> 4.  That the defendant be given credit for time served; and
>
> 5.  That the defendant be designated to the federal facility at Butner, NC.

In addition, it is **ORDERED** that while on supervised release the defendant:

> 1. Shall participate in a program of testing and/or treatment for drug and/or alcohol abuse, as directed by the probation officer, until such time as you are released from the pro-

gram by the probation officer;

2. Shall make restitution in the amount of $225.00; and

3. Shall complete the requirements to obtain his GED, if the defendant did not do so while in BOP custody.

The defendant is remanded to the custody of the United States Marshal. It is so **ORDERED.**

ENTER:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE
